UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STANFORD B. WEINSTEIN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2010 CA 01768 |
| | ) | |
| DISTRICT OF COLUMBIA HOUSING | ) | Judge Rudolph Contreras |
| AUTHORITY, *et al.,* | ) | |
| | ) | |
| DEFENDANT. | ) | |

**DEFENDANT DISTRICT OF COLUMBIA HOUSING AUTHORITY'S REPLY
TO PLAINTIFF'S OPPOSITION TO ITS MOTION FOR SUMMARY
JUDGMENT**

Defendant District of Columbia Housing Authority ("DCHA"), by and through

undersigned counsel, hereby submits this reply in response to the Plaintiff's Oppositions

to Defendant's Motion for Summary Judgment ("Motion") as follows:

**ARGUMENT**

**I.      JUDGMENT MUST BE ENTERED AGAINST PLANTIFF ON HIS
BREACH OF CONTRACT CLAIM AS DCHA DID NOT BREACH ITS
COMMERICAL LEASE WITH PLAINTIFF AND PLAINTIFF FAILS TO
REBUT DCHA'S CONTENTION THAT PLAINTIFF'S CLAIM IS
BARRED UNDER THE DOCTRINE OF ACCORD AND SATISFACTION.**

Plaintiff fails to rebut DCHA's showing that Plaintiff's claims are barred under

the Doctrine of Accord and Satisfaction pursuant as outlined in DCHA May 21, 2012

letter as such DCHA is entitled to judgment as a matter of law as to those claims.

**A.      Plaintiff is Bound by the Accord**

Contrary to Plaintiff assertions, Plaintiff was well aware that DCHA's May 21,

2010 letter was clear.  In its May 21, 2012 letter, DCHA advised Plaintiff of its intent to

settle the claim in its settlement letter dated May 21, 2010 and as a liquidation of

Plaintiff's claims.  DCHA's settlement letter not only advised Plaintiff that it intended to settle the matter, the letter also advised Plaintiff of the exact amount of $65,082.44 that it intended to pay as liquidation of Plaintiff's claims, as outlined in the May 21, 2010 letter.  In furtherance of its intent, DCHA issued a check to Plaintiff in that exact amount.   Plaintiff not only acknowledges that after receiving the check in the amount of $65,082.44, he met with Lisa Dean and Qwendolyn Brown on June 10, 2010 and handed them a letter of the same date.  In his June 10, 2010 letter Plaintiff acknowledges that DCHA intended that the June 1, 2010 check was payment in full under the lease pursuant to the May 21, 2010 letter.  *See* Plaintiff's Motion for Summary Judgment, Weinstein Affidavit Exhibit 39.[1]

Plaintiff's claims that he did not believe the check was issued as settlement of claims pursuant to the May 21, 2010 letter is without merit.  Even though Plaintiff alleges that he was entitled to more, by cashing the check, Plaintiff not only acknowledged in writing in his June 10, 2010 letter, his actions are operative as an acceptance of the offer when he cashed the check.  Here, Plaintiff is bound by the accord when he accepted payment for an amount less than the amount he claimed as his actions "speaks louder than his word."  *See Double H Housing Corp v. David*, 947 A.2d 38 (2008).

**B.**     **The Undisputed Facts Support a Finding that an Accord and Satisfaction Occurred**

Contrary to Plaintiff's assertions, the undisputed facts support a finding that an accord and satisfaction was reached and the DCHA's June 1, 2010, check did not need

---

[1] Plaintiff's Motion to Dismiss is part of this Court's record docket entry no. 40.

to include a notation stating "payment in full" nor did it have to be accompanied by an additional letter because DCHA's May 21, 2010 letter, which Plaintiff does not deny receiving, was clear when it advised Plaintiff that it was settling all lawful amounts owed pursuant to the Lease in the amount of $65,082.44 and tendered a check for the same.  Plaintiff's claim that the check was possibly a rent check is inconsistent with the undisputed facts given the fact that Plaintiff was made aware by the May 21, 2010 letter that the $65,082.44 check was not a regular rent payment.  Plaintiff's claims are also inconsistent with Plaintiff's own acknowledgment in his June 10, 2010 letter in which he stated that Plaintiff "does not agree with DCHA's position as set forth in your letter of May 21, 2010." Id.  In this same letter, Plaintiff further supports DCHA's position that Plaintiff knew that DCHA intended that the June 1, 2010 was for payment in full as set forth in the May 21, 2010 letter when Plaintiff acknowledged that "Mr. Weinstein is not accepting said payment in full under the lease." Id.

Additionally, Plaintiff also fails to establish that there was no accord and satisfaction because of the email communication with Associate General Counsel, Qwendolyn Brown, is equally without merit.  In support of this argument, Plaintiff produced an email communication that refers to a settlement offer after June 11, 2010, the date the June 1, 2010 check was cashed.

Here, an accord and satisfaction was reached.  DCHA advised Plaintiff that it intended to settle claims as set forth in its May 21, 2010 letter in the amount of $65,082.44, DCHA tendered a check for $65,082.44, Plaintiff acknowledged receipt of the check and contrary to DCHA's position, he instead applied the check to its account. As Plaintiff was aware that DCHA intended that the $65,082.44 check to be a settlement

check pursuant to the May 21, 2010, letter, an accord was reached when Plaintiff cashed the check.  Finally, nowhere in its May 21, 2010 letter was DCHA ambiguous not did DCHA give Plaintiff the impression that DCHA intended for Plaintiff to apply the check to his accounts.

**II.      JUDGMENT MUST BE ENTERED AGAINST PLANTIFF ON HIS CLAIMS OF REIMBURSEMENT OF MONEY PAID OUT OT MAKE REPAIRS TO HIS POPERTY AS DCHA IS NOT LAIBLE FOR ANY REPAIRS AND OR DAMAGE TO PLAINTIFF'S PROPERTY**

Here, DCHA did not breach its lease with Plaintiff as DCHA needed to make improvements to the Property in order to use it for DCHA business purposes which is consistent with a Tenant's use of a commercial property.  Additionally, DCHA was responsible for the maintenance of the property which it provided and was not responsible for the normal wear and tear of the Property.

**III.     JUDGMENT MUST BE ENTERED AGAINST PLANTIFF ON HIS CLAIMS FOR ATTORNEY'S FEES AND COST OF LITIGATION IN THIS MATTER**

Here, DCHA did not breach its lease with Plaintiff as an accord and satisfaction was reached as demonstrated by the record.

## CONCLUSION

WHEREFORE, for the forgoing reasons, Defendants respectfully request that the Complain in this matter be denied and summary judgment be granted as a matter of law in its favor.

Respectfully submitted,

/s/ *Nicola N. Grey*_____
Nicola N. Grey, DC Bar No. 492150
Office of the General Counsel
District of Columbia Housing Authority
1133 North Capitol Street, NE, Suite #210
Washington, DC  20002
(202) 535-2835 (telephone)
(202) 535-2521 (facsimile)

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant DCHA's Reply Memorandum, and the supporting materials attached hereto, was delivered electronically on this 24th day of July, to:
Laura Fraher, Esq.
Judah Lifschitz, Esq.
Shapiro Lifschitz & Schram, P.C.
1742 N Street, NW
Washington, DC 20036

/s/ *Nicola N. Grey*_____
Nicola N. Grey

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STANFORD B. WEINSTEIN,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 2010 CA 01768** |
| | ) |
| **DISTRICT OF COLUMBIA HOUSING** | ) **Judge Rudolph Contreras** |
| **AUTHORITY,** *et al.,* | ) |
| | ) |
| **DEFENDANT.** | ) |

## <u>ORDER</u>

Upon consideration of Defendant's Motion for Summary Judgment, any opposition

thereto, Reply and the record herein, it is hereby this _____ day of _____, 2012,

**ORDERED**, that the Motion shall be and is hereby **GRANTED**, and it is further

**ORDERED**, that Summary Judgment be and hereby is **GRANTED** in favor of

Defendants**.**

**SO ORDERED**.


_____
The Honorable Rudolph Contreras
United States District Judge


**Copies to:**

Nicola N. Grey, Esq.
District of Columbia Housing Authority
1133 North Capitol Street, NE
Suite 210
Washington, DC  20002

Laura Fraher, Esq.
Judah Lifschitz, Esq.
Shapiro Lifschitz & Schram, P.C.
1742 N Street, NW
Washington, DC 20036